IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| MARTIN WALTER and ELIZABETH WALTER, and GARY WICHROWSKI and JAN WICHROWSKI, d/b/a B & G PROPERTIES,<br><br>    Plaintiffs,<br><br>v.<br><br>AUTO OWNERS MUTUAL INS. CO., and CHARLES WOODS,<br><br>    Defendants. | No._____<br><br>Removed from Knox County<br>Circuit Court, No. 2-576-15 |

## NOTICE OF REMOVAL

TO:    The Judges of the United States District Court
        for the Eastern District of Tennessee, Northern Division

Please take notice that pursuant to 28 U.S.C. §§1441 and 1446, Defendant Auto-Owners Insurance Company ("Auto-Owners"), identified in the complaint as Auto Owners Mutual Insurance Company, by and through its undersigned attorneys, hereby files this Notice of Removal for the case entitled *Martin Walter and Elizabeth Walter, and Gary Wichrowski and Jan Wichrowski, d/b/a B & G Properties v. Auto Owners Mutual Ins. Co. and Charles Woods*, pending as Docket No. 2-576-15 in the Circuit Court for Knox County, Tennessee ("State Court Action") on the following grounds:

    1.    On November 6, 2015, Plaintiffs Martin Walter and Elizabeth Walter, and Gary Wichrowski and Jan Wichrowski, d/b/a B & G Properties ("Plaintiffs") filed a complaint in the State Court Action. In their complaint, Plaintiffs bring claims against Auto-Owners for breach of contract and against Defendant Charles Woods for negligence resulting in property damage.

1

3450586.2
Case 3:15-cv-00535-TAV-DCP   Document 1   Filed 12/04/15   Page 1 of 12   PageID #: 1

2. The Complaint and Summons were served on Auto-Owners through the Tennessee Department of Commerce and Insurance on November 17, 2015. A copy of the Summons and Complaint served upon the Tennessee Department of Commerce and Insurance as agent for service of process for Auto-Owners Insurance Company is attached as ***Exhibit 1*** to this Notice of Removal.

3. This Notice of Removal is timely under 28 U.S.C. §1446(b) in that it is filed within thirty (30) days of service of the Complaint upon Auto-Owners.

4. Pursuant to 28 U.S.C. §1441(a), a civil action brought in a state court over which a United States District Court has original jurisdiction may be removed to that District Court embracing the place where such action is pending. Because the State Court Action was pending in the Circuit Court for Knox County, Tennessee, this Court has removal jurisdiction, and venue is proper in this Court. *See* 28 U.S.C. §123(a)(1).

5. Auto-Owners removes the State Court Action to this Court pursuant to 28 U.S.C. §§1332 and 1441 on the basis of diversity of citizenship jurisdiction and the doctrine of fraudulent joinder. Excluding the fraudulently joined defendant, Charles Woods, there is complete diversity of citizenship between Plaintiffs and Auto-Owners, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

6. Plaintiffs Martin and Elizabeth Walter are citizens and residents of Knox County, Tennessee. *See* Plaintiff's Complaint, ¶ 1.

7. Upon investigation, Plaintiffs Gary and Jan Wichrowski d/b/a B & G Properties are citizens and residents of the State of Florida. To the extent B & G Properties is considered a party to this case, Plaintiffs' Complaint alleges that Plaintiffs do business as B & G Properties, and as such, B & G Properties would have the citizenship of its owners or partners. Based upon

2

publically available information, the most current residential address for Plaintiffs Gary and Jan Wichrowski is 1862 Eagles Point, Apopka, Florida 32712. The office of the Orange County, Florida Property Assessor lists this address as being owned by Gary and Janice Wichrowski and lists the property as a homestead. This information is publically available at the website of the Orange County, Florida Property Assessor at http://www.ocpafl.org/searches/parcelsearch.aspx, by searching for the last name "Wichrowski." A copy of the search results in printer-friendly format is attached hereto as *Exhibit 2*.

8. Upon investigation, Plaintiff Gary Wichrowski is an attorney licensed to practice law in Florida. The publically available information from the website of the Florida State Bar (www.floridabar.org/mybarprofile/795070) indicates that attorney Gary Steven Wichrowski has been licensed to practice law in Florida since 1989 and has an address of 1862 Eagles Point, Apopka, Florida 32712-2055.

9. Upon investigation, Plaintiff Jan Wichrowski is an attorney licensed to practice law in Florida. The publically available information from the website of the Florida State Bar (www.floridabar.org/mybarprofile/381586) indicates that attorney Jan K. Wichrowski has been licensed to practice law in Florida since 1983 and has an address in Orlando, Florida. A copy of the profiles of both Plaintiffs Gary and Jan Wichrowski from the website of the Florida State Bar is attached as *Exhibit 3*.

10. In addition, the warranty deed for the property allegedly at issue in this case lists Gary S. Wichrowski and wife Janice Wichrowski being of Orange County, Florida. *See* Warranty Deed, attached as *Exhibit 4*.

11. Defendant Auto-Owners is a Michigan corporation with its principal place of business in Lansing, Michigan.

12. Defendant Charles Woods ("Woods"), is a citizen and resident of Tennessee, and his citizenship should be disregarded under the doctrine of fraudulent joinder.

13. Excluding the citizenship of the fraudulently joined party, Defendant Charles Woods, complete diversity of citizenship exists between Plaintiffs and Defendant Auto-Owners as Plaintiffs are citizens of Tennessee and Florida and Defendant Auto-Owners is a citizen of Michigan.

14. The jurisdictional amount in controversy is satisfied as the amount at issue in this case exceeds $75,000.00, exclusive of interest and costs.

15. Plaintiffs' Complaint demands monetary damages not to exceed $300,000.00 from each of the Defendants as well as prejudgment interest. *See* Complaint, Prayer for Relief.

16. Plaintiff' Complaint alleges that Auto-Owners has breached its insurance contract with Plaintiffs. The limit of insurance on the policy of insurance at issue for the building located at 7620-22 Clinton Highway, Powell, Tennessee 37849, is $549,100. A copy of the insurance policy is attached as part of ***Exhibit 5*** hereto. *See **Exhibit 5***, p. 9.

17. Under Sixth Circuit precedent, a removing defendant satisfies the burden of removal and establishes the amount in controversy, "when it proves that the amount in controversy more likely than not exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). The evidence submitted with this Notice of Removal establishes and proves that the amount in controversy in this case exceeds the sum or value of $75,000.

18. Defendant Charles Woods is fraudulently joined as a defendant in this action because Plaintiffs' claims against him are barred by the statute of limitations codified at Tenn. Code Ann. § 28-3-105.

19. Plaintiffs' bring a cause of action against Defendant Charles Woods for damages to the property that occurred on June 1, 2011, allegedly resulting from acts of Defendant Woods. *See* Complaint. ¶¶ 7-8.

20. In the Complaint, Plaintiffs allege that the fire that allegedly damaged Plaintiffs' property occurred on June 1, 2011. This lawsuit against Defendant Charles Woods was not filed until November 6, 2015, more than four years later. Tennessee's statute of limitations for property damage is three years. *See* Tenn. Code Ann. § 28-3-105.

21. "Under the doctrine of fraudulent joinder, the citizenship of a defendant who has been fraudulently joined should be disregarded when determining whether a federal court has diversity jurisdiction." *Garner v. SDH Servs. E., LLC*, 55 F. Supp. 3d 1016, 1021 (M.D. Tenn. 2014) (internal citation omitted).

22. "Thus, where a defendant removes a case despite the existence of a non-diverse party, the removing defendant may avoid remand by demonstrating that the non-diverse party was fraudulently joined." *Id*.

23. "Under the doctrine of fraudulent joinder, the relevant inquiry is whether the plaintiff had 'at least a colorable cause of action' under the state law against the non-diverse defendant." *Id*.

24. Plaintiffs in the present case have no colorable cause of action against Defendant Charles Woods because the applicable statute of limitations has expired.

25. Under Tenn. Code Ann. § 28-3-105, actions for injury to property must be brought within three years from the accrual of the cause of action. *See* Tenn. Code Ann. § 28-3-105(1) (West 2015).

26. "In interpreting the provisions of Tenn. Code Ann. § 28-3-105, the courts have held that, in a suit for property damages, 'the cause of action accrues at the time the injury occurs, or when it is discovered, or when in the exercise of reasonable care and diligence the injury should have been discovered.'" *Liggett v. Brentwood Builders, LLC*, No. M2007-00444-COA-R3-CV, 2008 WL 836115, at *4 (Tenn. Ct. App. Mar. 27, 2008). In other words, the cause of action for property damage to real or personal property accrues at the time the injury occurs, which in this case would have been June 1, 2011 – the date of the fire.

27. The statute of limitations is only tolled "during the period when the plaintiff had *no* knowledge that a wrong had occurred, and as a reasonable person was not put on inquiry." *Schultz v. Carter,* No. 2:02-CV-278, 2005 WL 1668287, at *2 (E.D. Tenn. July 18, 2005) (internal citations omitted) (emphasis added).

28. In the present case, no such period existed as Plaintiffs' alleged injury to real property occurred on June 1, 2011, and Plaintiffs had knowledge of said injury on that same date.

29. Furthermore, under Tennessee law, the statute of limitations for injury to real property is not tolled during the period in which the plaintiff has no knowledge of the identity of the party who caused the alleged injury. *See IFC Nonwovens, Inc. v. Owens-Corning Fiberglas Corp.*, 1 F.3d 1241 (Table), 1993 WL 272445, at *3 (6th Cir. 1993) (holding that "[i]t is immaterial that plaintiffs had not identified the defendant as the party who allegedly wronged them.")

30. Instead, once a party is put on notice of the injury, the cause of action accrues and the statute of limitations provides the specified time period within which the plaintiff must investigate and file his or her action. *See Schultz*, 2005 WL 1668287, at *3 ("Accordingly, the

6

plaintiff should have known that she could have a cause of action against the party…and should have sought to discover who that party was.").

31. Plaintiffs clearly knew of the injury because they filed a lawsuit against Auto-Owners in May of 2013 over the same event. That action, filed on May 29, 2013, in Knox County Circuit Court as *Martin Walter and Elizabeth Walter, and Gary Wichrowski and Jan Wichrowski, d/b/a B & G Properties v. Auto-Owners Mutual Insurance Company*, Docket No. 2-271-13, ("2013 Lawsuit") was removed to this Court as Docket No. 3:13-CV-388. The complaint filed in the 2013 action also alleged that a fire occurred at Plaintiffs' property on June 1, 2011. *See* 2013 Complaint, ¶ 5, attached hereto as **Exhibit 5**. Auto-Owners was the only defendant in the 2013 Lawsuit. Plaintiffs later voluntarily dismissed the 2013 Lawsuit on November 7, 2014. A copy of this Court's Order granting the voluntary dismissal is attached hereto as **Exhibit 6**.

32. Tennessee case law establishes that the statute of limitations for property damage is not tolled during the period in which the identity of the responsible party is unknown to the plaintiff. Plaintiffs, however, had knowledge of Defendant Charles Woods' alleged involvement in the property damage prior to the expiration of the applicable statute of limitations. During Plaintiff Martin Walter's deposition on April 25, 2014, in the 2013 Lawsuit, Martin Walter testified as follows: "I believe Chuck Woods burned my building, whether he did it himself or whether he had help...there's no other conclusion in my mind except that Chuck Woods was involved in burning my building." *See M. Walter Dep.* 96:22 – 97:6 attached as **Exhibit 7**. Plaintiffs clearly knew of Defendant Charles Woods' alleged involvement prior to the expiration of the statute of limitations on June 1, 2014.

33. Defendant Charles Woods and the Chuck Woods referenced in Plaintiff Martin Walter's 2014 deposition are the same person. Both counsel for Plaintiffs and counsel for Auto-Owners received by email a copy of a Knox County Fire Investigation Unit Prosecutive Report on October 16, 2013, and that report indicated that Defendant Charles Woods also went by the name Chuck Woods. The report also used the name Chuck Woods numerous times in reference to Charles Woods. A copy of the email transmitting the report to counsel for Plaintiffs and counsel for Auto-Owners is attached hereto as ***Exhibit 8***. Plaintiffs' knowledge of this report is further demonstrated as they referenced it in the First Amended Complaint filed in the 2013 Action. A copy of Plaintiffs' First Amended Complaint in the 2013 Lawsuit (Doc. No. 19 in Case No. 3:13-CV-388) and Exhibit B thereto (the first page of the Knox County Fire Investigation Unit Prosecutive Report is attached hereto as ***Exhibit 9***. Plaintiffs' First Amended Complaint in the 2013 Lawsuit also contained references to Charles Woods and stated in paragraph 8 that "The case summary, notes of the investigation, conclusions and Incident Report are all part of a "Prosecutive Report" in a case currently pending between the State of Tennessee and Charles Woods." In other words, Plaintiffs, through receipt of the Prosecutive Report, had knowledge about Charles Woods' alleged involvement in the fire that occurred on June 1, 2011, during the applicable statute of limitations period that began running on June 1, 2011, and expired on June 1, 2014.

34. In fact, Plaintiffs had knowledge of Defendant Charles Woods' alleged involvement on the very date of the fire, June 1, 2011. During his deposition on April 25, 2014, Plaintiff Martin Walter testified that he first suspected Defendant Charles Woods was involved on the morning of June 1, 2011. Plaintiff Martin Walter testified as follows:

8

| | |
|---|---|
| Walter: | You asked me a minute ago about why I thought Chuck Woods had something to do with it, the other thing was, is that night when he came – on the morning of the fire – |
| Question: | On June 1? |
| Walter: | On June 1. |
| Question: | Yes, sir. |
| Walter: | He showed up without a hat on, the first time I had ever seen him without a hat on, and I didn't realize he had kind of a curly, big hair – big set of hair, and he looked a little different.<br><br>And then several days later, Greg Lampkin, the arson investigator, took me in the building and showed me this hole that had been cut in the floor and beside the hole that had been cut in the floor and beside the hole in the floor was Chuck Woods' hat that he wore every day that had – some kind of army military had, and it had sawdust on it. |
| Question: | Right. |
| Walter: | The – he said he worked until 7:30 that night. The hole, which had been cut, I don't know when it had been cut, but it evidently had been pulled up, all the nails had been removed, so there were no nails. And, you know, this was something Greg Lampkin showed me, which to me kind of makes me feel like the hole had been cut before that night. And if it had, Chuck Woods had to know about it, or you would think he would. |

*Exhibit 7*, p. 100:19 – 101:21.

35. Plaintiffs had knowledge of Defendant Charles Woods' alleged involvement in the June 1, 2011 fire almost from the day of the fire, and this knowledge was confirmed at least twice during the statute of limitations period.

36. In summary, Plaintiffs' cause of action against Defendant Charles Woods accrued on June 1, 2011, and the statute of limitations at Tenn. Code Ann. § 28-3-105 afforded them until June 1, 2014, to investigate their suspicions against Defendant Charles Woods and file a cause of action against him. Plaintiffs did not file the present action against Defendant Woods until

9

3450586.2
Case 3:15-cv-00535-TAV-DCP   Document 1   Filed 12/04/15   Page 9 of 12   PageID #: 9

November 6, 2015, and therefore, Plaintiffs' claim against Charles Woods is barred by Tenn. Code Ann. § 28-3-105.

37. The Sixth Circuit recognizes that "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "To prove fraudulent joinder, the removing party must present sufficient evidence that a Plaintiff could not have established a cause of action against non-diverse Defendants under state law." *See id*.

38. For the reasons discussed above, Plaintiffs cannot establish a cause of action against Defendant Charles Woods under Tennessee law. Therefore, Defendant Woods has been fraudulently joined to this civil action, and his citizenship should not be considered when the diversity of citizenship of the parties is reviewed for removal under 28 U.S.C. § 1332.

39. As a result, this case is removable to this Court on the basis of diversity of citizenship jurisdiction.

40. Defendant Charles Woods, as a fraudulently joined defendant, is not required to consent to the removal of this case to federal court. *See Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (explaining that the rule of unanimity only applies to defendants who have been properly joined as defendants and that the rule does not apply to fraudulently joined defendants).

41. Pursuant to, and in compliance with 28 U.S.C. §1446(b), and simultaneously with the filing of this Notice of Removal, Auto-Owners has served written notice of such removal upon Plaintiffs and will file a copy of this Notice of Removal with the Circuit Court for Knox County, Tennessee.

42. Auto-Owners respectfully reserves the right to submit evidence supporting this Notice of Removal should Plaintiffs move to remand.

WHEREFORE, notice is respectfully given that the State Court Action is removed from the Circuit Court of Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northern Division.

Respectfully submitted this 4th day of December, 2015.

>	WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
>
>	By: *s/*Dean T. Howell_____
>	Howard E. Jarvis, BPR No. 006673
>	*jarvish@wmbac.com*
>	Dean T. Howell, BPR No. 022130
>	*dhowell@wmbac.com*
>	April A. Carr, BPR No. 029092
>	*acarr@wmbac.com*
>	Post Office Box 900
>	Knoxville, Tennessee 37901-0900
>	Telephone: (865) 215-1000
>
>	*Attorneys for Defendant Auto-Owners Insurance Company*

## CERTIFICATE OF SERVICE

       I hereby certify that on December 4, 2015, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

       Louis Andrew McElroy II, Esq.
       Law Office of Drew McElroy
       1348 Dowell Springs Boulevard
       Knoxville, TN 37909

       Charles Woods
       1700 West Brushy Valley Road
       Knoxville, TN 37849

                           s/ Dean T. Howell, Esq.

                           Dean T. Howell, Esq., BPR 022130

                       WOOLF, McCLANE, BRIGHT,
                         ALLEN & CARPENTER, PLLC
                       Post Office Box 900
                       Knoxville, Tennessee 37901-0900
                       (865) 215-1000