IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN WALTER, | ) | |
| ELIZABETH WALTER, | ) | |
| GARY WICHROWSKI | ) | |
| JAN WICHROWSKI, d/b/a | ) | |
| B & G PROPERTIES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-535 |
| | ) | |
| AUTO OWNERS MUTUAL | ) | Removed from Knox County |
| INSURANCE COMPANY, and | ) | Circuit Court, No. 2-576-15 |
| CHARLES WOODS, | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF DEFENDANT
AUTO-OWNERS INSURANCE COMPANY

COMES NOW Defendant Auto-Owners Insurance Company ("Auto-Owners"), incorrectly named in this action as Auto Owners Mutual Ins. Co., and for its Answer to the Complaint for Damages and Breach of Contract ("Complaint") filed by the Plaintiffs in this matter, would show unto the Court as follows:

1. In response to the averments contained in Paragraph 1 of the Complaint, Auto-Owners admits that Plaintiffs Martin and Elizabeth Walter are natural persons and are citizens and residents of Tennessee.

2. In response to the averments contained in Paragraph 2 of the Complaint, Auto-Owners admits that Plaintiff Gary Wichrowski is a natural person who is a citizen and resident of another state. Upon investigation, Auto-Owners states that Plaintiff Gary Wichrowski is a citizen and resident of State of Florida. As to the averments regarding Elizabeth Wichrowski, Auto-Owners would state that it appears that the reference to Elizabeth Wichrowski is an error,

1

and that the Plaintiff's name is actually Jan Wichrowski, which is reflected in the caption. Auto-Owners denies any averments regarding an Elizabeth Wichrowski. Auto-Owners admits, upon information and belief, that Plaintiffs Jan and Gary Wichrowski and Martin and Elizabeth Walter do business collectively as B & G Properties. Auto-Owners is without sufficient information or knowledge to form a belief as to whether Plaintiffs currently own the premises referred to in the Complaint as 7620-22 Clinton Highway, Powell, Tennessee. No response is required to the remaining averments contained in Paragraph 2 of the Complaint. To the extent any averments contained in Paragraph 2 of the Complaint state any allegations against Auto-Owners, they are denied.

3. In response to the averments contained in Paragraph 3 of the Complaint Auto-Owners Insurance Company admits that it is a Michigan corporation with its principal place of business in Lansing, Michigan, and that it does business in the State of Tennessee and that it does provide insurance coverage to residents of the State of Tennessee. Auto-Owners denies the remaining averments contained in Paragraph 3 of the Complaint.

4. In response to the averments contained in Paragraph 4 of the Complaint, Auto-Owners states that Defendant Charles Woods is fraudulently joined to this lawsuit and his citizenship should be disregarded by the Court for purposes of analyzing diversity of citizenship jurisdiction. Auto-Owners states, upon information and belief, that Defendant Charles Woods is a citizen and resident of Tennessee who has been fraudulently joined as a defendant in this lawsuit.

5. In response to the averments contained in Paragraph 5 of the Complaint, Auto-Owners denies that jurisdiction and venue are proper in the Circuit Court for Knox County.

Auto-Owners has removed this case to the United States District Court for the Eastern District of Tennessee and submits that said court has both jurisdiction and venue over this action.

6. In response to the averments contained in Paragraph 6 of the Complaint, Auto-Owners admits that it issued a policy of insurance with the Plaintiffs being the named insureds on the policy and one of the insured locations listed on the policy being 7620-22 Clinton Highway, Powell, Tennessee. Auto-Owners admits that the policy has a policy number of 004619-03323506-11. Auto-Owners admits that the terms contained in the policy specify the coverage provided by the policy subject to the terms, conditions, exclusions, and endorsements contained therein. All of the terms of the policy speak for themselves as to what coverage is provided and the covered perils listed in the policy. All other averments contained in Paragraph 6 of the Complaint are denied.

7. In response to the averments contained in Paragraph 7 of the Complaint, Auto-Owners admits that on or about June 1, 2011 a fire occurred in the building located at 7620-22 Clinton Highway, Powell, Tennessee and that as a result of the fire there was certain fire damage. Auto-Owners denies that any explosion occurred or that there was any damage to the building or premises caused by an explosion. Auto-Owners denies that all of the damages claimed by Plaintiffs are covered by the insurance policy at issue. All other averments contained in Paragraph 7 of the Complaint are denied.

8. In response to the averments contained in Paragraph 8 of the Complaint, Auto-Owners has filed a Notice of Removal establishing that Defendant Charles Woods has been fraudulently joined to this action and that the claims brought by Plaintiffs against Charles Woods are barred by the statute of limitations codified at Tennessee Code Annotated § 28-3-105. For further answer, Auto-Owners denies the averments contained in Paragraph 8 of the Complaint,

3

and Auto-Owners specifically denies that any explosion occurred at Plaintiffs' property or that any explosion resulted in damage to Plaintiffs' property.

9. Auto-Owners denies the averments contained in Paragraph 9 of the Complaint.

10. Auto-Owners denies the averments contained in Paragraph 10 of the Complaint.

11. Auto-Owners denies the averments contained in Paragraph 11 of the Complaint.

12. In response to the averments contained in Paragraph 12 of the Complaint, Auto-Owners has filed a Notice of Removal in this case establishing that Defendant Charles Woods has been fraudulently joined to this action and that the claims brought by Plaintiffs against Charles Woods are barred by the statute of limitations codified at Tennessee Code Annotated § 28-3-105. For further answer, Auto-Owners denies the averments contained in Paragraph 12 of the Complaint, and Auto-Owners specifically denies that any explosion occurred at Plaintiffs' property or that any explosion resulted in damage to Plaintiffs' property.

13. Auto-Owners denies that Plaintiffs are entitled to any of the relief sought in the Prayer for Relief found after Paragraph 12 in the Complaint.

14. Auto-Owners denies that Plaintiffs are entitled to any judgment up to $300,000.00 or prejudgment interest or costs.

15. All averments or allegations in the Complaint not heretofore admitted, denied, or qualified, are hereby denied as if set forth separately and denied separately.

16. Auto-Owners pleads that the claims brought by Plaintiff against Charles Woods are barred by the three year statute of limitations codified at Tennessee Code Annotated § 28-3-105, in that the alleged property damage occurred on or about June 1, 2011, and Plaintiffs did not bring this lawsuit against Defendant Charles Woods until November 6, 2015. On that basis, Auto-Owners pleads that Charles Woods was fraudulently joined to this action for the purpose of

defeating diversity jurisdiction. Auto-Owners has filed its Notice of Removal based upon diversity jurisdiction and the doctrine of fraudulent joinder to assert the same.

17. Auto-Owners denies that it is liable to Plaintiffs upon any legal theory or cause of action.

18. Auto-Owners relies upon the terms, conditions, limitations, and exclusions contained in the insurance policy issued to Plaintiffs.

19. Auto-Owners specifically denies that any explosion occurred at the building at 7620-22 Clinton Highway, Powell, Tennessee, on June 1, 2011.

20. As a defense, Auto-Owners pleads the defense of set off as to amounts already paid to Plaintiffs pursuant to the insurance policy for damages related to the fire.

21. As a defense, Auto-Owners pleads that Plaintiffs have failed to mitigate their damages, if any. Specifically, Plaintiffs have failed to take reasonable and responsible steps to preserve and protect the building and structure at 7620-22 Clinton Highway, Powell, Tennessee, following the fire that occurred on or about June 1, 2011.

22. As a defense and to the extent developed through discovery and investigation, Auto-Owners pleads the defense that Plaintiffs' unclean hands preclude recovery in this case.

23. Upon information and belief, the Fire Investigation Unit of the Knox County Sheriff's Department, including Investigators Greg Lampkin, Shawn Short, and David Icove, currently has an active and open criminal investigation into the cause of the June 1, 2011 fire at 7620-22 Clinton Highway, Powell, Tennessee. Upon information and belief, the subject of that criminal investigation is Plaintiff Martin Walter.

24. Upon information and belief based upon the previous paragraph, Auto-Owners pleads that Plaintiffs failed to comply with the terms of the insurance policy, and that as a result,

5

Plaintiffs' claim for breach of contract for payment under the insurance policy should be denied. Auto-Owners relies upon the terms, conditions, exclusions, and limitations of the insurance policy, including without limitation, the following:

**A. CONCEALMENT, MISREPRESENTATION OR FRAUD**

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;

2. The Covered Property;

3. Your interest in the Covered Property; or

4. A claim under this Coverage Part.

*See* Doc. No. 1-6, p. 42.

25. As a defense, Auto-Owners pleads that Plaintiffs failed to comply with terms of the insurance policy and provide sufficient information from which Auto-Owners could determine what amounts, if any, were owed for Plaintiffs' losses.

26. Auto-Owners reserves the right, subject to the Federal Rules of Civil Procedure, to amend its Answer and assert further defenses in the event that discovery and investigation reveal additional defenses that may be asserted in this action.

WHEREFORE, Auto-Owners respectfully requests that the Court dismiss Plaintiffs' Complaint and tax the costs of this action to Plaintiffs.

Respectfully submitted this 11th day of December, 2015.

> WOOLF, McCLANE, BRIGHT, ALLEN & CARPENTER, PLLC
>
> By: *s/*Dean T. Howell
>     Howard E. Jarvis, BPR No. 006673
>     *jarvish@wmbac.com*
>
>     Dean T. Howell, BPR No. 022130
>     *dhowell@wmbac.com*
>
>     April A. Carr, BPR No. 029092
>     *acarr@wmbac.com*
>
> Post Office Box 900
> Knoxville, Tennessee 37901-0900
> Telephone: (865) 215-1000
>
> *Attorneys for Defendant Auto-Owners Insurance Company*

## CERTIFICATE OF SERVICE

  I hereby certify that on December 11, 2015, a copy of the foregoing Answer of Defendant Auto-Owners Insurance Company was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

  Louis Andrew McElroy II, Esq.
  Law Office of Drew McElroy
  1348 Dowell Springs Boulevard
  Knoxville, TN 37909

  Charles Woods
  1700 West Brushy Valley Road
  Knoxville, TN  37849

               s/   Dean T. Howell, Esq.
                Dean T. Howell, Esq., BPR 022130

              WOOLF, McCLANE, BRIGHT,
                ALLEN & CARPENTER, PLLC
              Post Office Box 900
              Knoxville, Tennessee  37901-0900
              (865) 215-1000

8

3459796.1
Case 3:15-cv-00535-TAV-CCS   Document 4   Filed 12/11/15   Page 8 of 8   PageID #: 163