UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MARTIN WALTER, et al., | ) | |
| --- | --- | --- |
| Plaintiffs, | ) | |
| v. | ) | No.: 3:15-CV-535-TAV-DCP |
| AUTO-OWNERS MUTUAL INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is defendant's motion for summary judgment [Doc. 27]. Plaintiffs responded in opposition [Docs. 33, 34], and with the Court's permission the parties filed several follow-up briefs [Docs. 48, 50, 52]. For the reasons explained below, defendant's motion [Doc. 27] will be denied.

**I. BACKGROUND**

Plaintiffs and defendant entered into an insurance contract concerning a building located at 7620 Clinton Highway in Powell, Tennessee [Doc. 40]. On June 1, 2011, a fire and alleged explosion occurred in the building, causing damage to the building and its contents [*Id.* ¶ 7]. Plaintiffs argue these damages are covered under the insurance contract, and that defendant has not fully compensated plaintiffs pursuant to the policy [*Id.* ¶ 10]. As a result, plaintiffs claim defendant has breached the insurance contract.

The parties do not dispute that defendant has compensated plaintiffs for damages related to the fire, including damages from the fire itself, smoke damages, damages caused

by firemen, and for related business expenses [Doc. 28 p. 3]. The parties also agree that the insurance contract covers "explosion" as a cause of loss [*Id.* at 2]. Defendant argues, however, that no explosion occurred in relation to the fire, and therefore it is not obligated to cover any additional damages allegedly caused by an explosion [*Id.*].

Defendant moved for summary judgment on the ground that plaintiffs have failed to produce competent, admissible evidence to establish that an explosion occurred in the building on June 1, 2011 [Docs. 27, 28]. Relatedly, defendant moved to exclude several of plaintiffs' expert witnesses under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). At least two of these witnesses, Todd Duncan and Greg Lampkin, planned to offer testimony in support of plaintiffs' position that an explosion had, in fact, occurred in the building on June 1, 2011. The magistrate judge conducted a hearing on defendant's *Daubert* motions on May 10, 2018, and later issued a written opinion denying the motions concerning Todd Duncan and Greg Lampkin [Doc. 98].

## II. STANDARD OF REVIEW

Summary judgment under Federal Rule of Civil Procedure 56 is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light

most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

Yet, "[o]nce the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis ex rel. Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Id.* at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## III. ANALYSIS

Defendant moves for summary judgment on the ground that plaintiffs have not produced "competent, admissible evidence" from which a reasonable jury could conclude that an explosion occurred in the insured building [Doc. 28 p. 7]. The parties agree that, at least as relevant to the issue before the Court on summary judgment, this case turns on whether an explosion occurred in the insured building [*See id.*]. If so, defendant is liable to plaintiffs under the insurance contract for damages caused by the explosion. If not, defendant has satisfied its duties under the contract by compensating plaintiffs only for damages related to fire and smoke. Proceeding under this premise, defendant is correct that it would be entitled to summary judgment if plaintiffs were unable to present evidence to the jury that an explosion had occurred.

Defendant's argument, however, has essentially been foreclosed by the magistrate judge's *Daubert* opinion, in which she found that the testimony of Todd Duncan and Greg Lampkin is admissible [Doc. 98]. Todd Duncan, an engineer, plans to testify that the "damage and movement of the structures [in plaintiffs' building] are consistent with the pressure caused by an explosion within the structure" [Doc. 98 p. 11]. Similarly, Greg Lampkin, a certified professional fire inspector, plans to testify that "a low-order explosion occurred" after fuel was ignited in the basement of plaintiffs' building [Doc. 98 p. 5]. This is evidence from which a reasonable jury could conclude that an explosion occurred in the building. Whether or not an explosion occurred is thus a genuine dispute as to a material

fact, and this issue may reasonably be resolved in favor of either party. The Court will thus deny defendant's motion for summary judgment.

To the extent defendant raised the question of causation in its sur-surreply brief [Doc. 52], the Court need not consider this issue. Defendant's motion and memorandum in support were clear that the only issue before the Court was whether plaintiffs could present competent, admissible evidence that an explosion occurred [Doc. 28 p. 7 ("The basis of [defendant's] motion for summary judgment is simple and direct . . . Plaintiffs cannot prevail on their claims in the absence of competent, admissible evidence that an explosion occurred in the building.")]. Courts generally do not consider issues raised for the first time in a reply brief, let alone a sur-surreply brief, as such issues have not been fully briefed by the parties and are thus not appropriate for disposition. *NetJets Large Aircraft, Inc. v. United States*, 80 F. Supp. 3d 743, 765 (S.D. Ohio 2015) (citing *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986), and *Tonguette v. Sun Life & Health Ins. Co.*, No. 2:12-CV-6, 2013 WL 1818620, at *4 (S.D. Ohio Apr. 29, 2013) (collecting cases in which district courts declined to consider arguments raised for the first time in reply briefs)).

Here, defendant has attempted to introduce a new issue in its sur-surreply brief. *Compare* Defendant's Memorandum in Support of Summary Judgment [Doc. 28 p. 7 ("Plaintiffs cannot prevail on their claims in the absence of competent, admissible evidence that an explosion occurred in the building.")], *with* Defendant's Response to Plaintiffs' Supplemental Response [Doc. 52 p. 2 ("To prevail in this case, plaintiffs must have

admissible, competent evidence that an explosion occurred in the building *and that the explosion caused damages for which [defendant] had an obligation to pay under its insurance policy*.") (emphasis added)]. Causation was not raised in defendant's motion for summary judgment, and plaintiffs have not had the opportunity to address this argument. This issue is therefore not properly before the Court. Accordingly, the Court declines to address it.

**IV. CONCLUSION**

For the reasons discussed above, defendant's motion for summary judgment [Doc. 27] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
