UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

MARTIN WALTER, )
ELIZABETH WALTER, )
GARY WICHROWSKI, )
JAN WICHROWSKI, )
d/b/a B & G PROPERTIES, )
)
        Plaintiff, )
)
v. )    No.:   3:15-CV-535-TAV-DCP
)
AUTO-OWNERS MUTUAL )
INSURANCE COMPANY, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant's two motions for reconsideration [Docs. 99, 102]. In the first motion [Doc. 99], filed August 10, 2018, defendant requests reconsideration of the Magistrate Judge's order [Doc. 98], issued August 1, 2018, denying defendant's motions in limine to exclude plaintiffs' experts Todd Duncan, Gregory Lampkin, and Charles Witt. Defendant's second motion [Doc. 102], filed August 15, 2018, additionally requests reconsideration of the Court's August 13, 2018, order [Doc. 101] denying defendant's motion for summary judgment. The Court will construe defendant's first motion as an objection to the Magistrate Judge's ruling, and because defendant's second motion incorporates by reference the arguments made in the first, the Court will consider the two motions together. Having considered defendant's memorandums in

support of its motions to reconsider [Docs. 100, 103], as well as plaintiffs' responses [Docs. 104, 105], for the reasons explained below defendant's motions will be denied.

## I.     Background

The relevant facts and procedural history of this case are explained in the Court's memorandum opinion and order denying defendant's motion for summary judgement [Doc. 101 at 1–2].  Given that there are no objections pertaining to that portion of the order, it is hereby incorporated by reference [*Id.*].

## II.     Defendant's Motion to Reconsider the Magistrate Judge's Memorandum and Order Denying Defendant's *Daubert* Motions

### A.     Standard of Review

The Magistrate Judge's memorandum and order in this case was issued pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  For such nondispositive matters, a district judge must "modify or set aside any portion of the [magistrate judge's] order that is clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  The clearly erroneous standard applies to a magistrate judge's findings of fact, and the contrary to law standard to the magistrate's conclusions of law.  *See Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).  Both standards of review are deferential.  "A finding is clearly erroneous where it is against the clear weight of the evidence or where the court is of the definite and firm conviction that a mistake has been made."  *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 281 (6th Cir. 1991), *overruled on other grounds, Kline v. Tenn. Valley Auth.*, 128 F.3d 337 (6th Cir. 1997).  A decision is contrary to law "if the magistrate has misinterpreted

or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL

327723, at \*2 (S.D. Ohio. Mar. 22, 2001) (internal quotation and citation omitted).

### B. Analysis

Defendant first asserts that it was clear error for the Magistrate Judge to consider

Duncan's "reliance" on NFPA 921,[1] a methodology for fire investigation, in assessing the

principles and methods upon which Duncan relied in forming his expert opinion [Doc. 99

at 1–2; Doc. 100 at 2–3].  In support, defendant asserts that Duncan could not have "relied"

on NFPA 921 because, in his deposition testimony, Duncan indicated he had not taken any

courses or maintained up-to-date knowledge regarding fire investigation or methodology

[*Id.*].  However, defendant fails to address the fact that Mr. Duncan did refer to NFPA 921

in his expert report [Doc. 58-2 at 6–7], which the Magistrate Judge explicitly noted [Doc.

98 at 41].  This explains the Magistrate Judge's consideration of Duncan's "reliance" on

NFPA 921 in her memorandum and order [Doc. 98 at 41–42].  Whether Duncan's use of

NFPA 921 in his report was sound based on his response to questioning at his deposition

goes to the weight of the evidence that Duncan has provided, rather than the admissibility

of that evidence.  *See Andler v. Clear Channel Broad., Inc.* 670 F.3d 717, 729 (6th Cir.

2012) ("[I]t is not proper for the Court to exclude expert testimony merely because the

factual bases for an expert's opinion are weak.") (internal quotation marks and citations

omitted).  Defendant is thus free to cross examine Duncan on this alleged discrepancy at

---

[1] NFPA 921 is the National Fire Protection Association's guide for fire and explosion investigations.

trial. However, based on his use of NFPA 921 in his expert report, the Court finds that it was not clear error for the Magistrate Judge to consider Duncan's "reliance" on it in assessing his principles and methods under *Daubert*.

Defendant's next argument essentially reiterates those made in its original memorandum in support of its motion in limine to exclude Duncan's testimony [*compare* Doc. 100 at 3–5, *with* Doc. 59 at 7–9]. Defendant has consistently asserted that Duncan is "not an expert on explosions," an assertion based primarily upon Duncan's own admission as such [Docs. 59 at 7; Doc. 100 at 3]. This argument strikes the Court as largely semantic. Though Mr. Duncan may not consider himself an "expert on explosions," the Magistrate Judge's memorandum and order provides sufficient support for the conclusion that Duncan is qualified to offer an opinion regarding the type of damage consistent with an explosion [Doc. 98 at 37–38]. As the Magistrate Judge stated, Duncan has been a professional engineer for nearly thirty years. [*Id.* at 10, 38]. His work as president of Structural Engineering Assessments, PC ("SEA"), "includes forensic review and analysis of structures experiencing failures or collapse," including those resulting from blasting, explosions, and other impact damage [*Id.* at 10, 13]. Through this work Duncan has examined the damage that explosions cause to buildings, which qualifies him to render an opinion regarding the types of damage consistent with an explosion [*Id.* at 13, 38]. Moreover, the scope of Duncan's testimony is limited, as the Magistrate Judge noted: "Duncan may not render an opinion as to whether an explosion actually occurred" [*Id.* at 38]. This will be a central question for the factfinder at trial [Doc. 106]. For these reasons,

the Court finds that it was not clearly erroneous or contrary to law for the Magistrate Judge to find that Duncan is qualified to render his opinion under *Daubert*, consistent with the Magistrate's memorandum and order [Doc. 98].

Finally, with respect to Mr. Duncan, defendant argues that Duncan's testimony was "not validated" as a result of his failure to calculate the pressure generated by the alleged explosion in this case [Doc. 99 at 2; Doc. 100 at 5–12]. For this reason, according to defendant, the Magistrate Judge committed clear error "in permitting Duncan to offer cause and effect testimony about the effects of an explosion" [Doc. 100 at 10]. As to this argument, the Court would again refer defendant to the Magistrate Judge's memorandum and order [Doc. 98, at 39–40]. "[R]ejection of expert testimony is the exception rather than the rule—the gatekeeping function established by *Daubert* was never 'intended to serve as a replacement for the adversary system.'" *Daniels v. Erie Ins. Group*, 291 F. Supp. 3d 835, 840 (M.D. Tenn. Dec. 4, 2017) (quoting *Rose v. Matrixx Initiatives, Inc.*, No. 07–2404–JPM/tmp, 2009 WL 902311, at *7 (W.D. Tenn. March 31, 2009)). Thus, while defendant is free to thoroughly cross examine Duncan regarding this lack of testing, it is not a basis for total exclusion of his testimony. *See Jacobs v. Tricam Indus., Inc.*, 816 F. Supp. 2d 487, 493 (E.D. Mich. 2011) (explaining that "testing is not required in every case, particularly where, as here, the expert conducted an examination of the physical evidence"). This is particularly true in light of Duncan's employing his decades of engineering experience when he examined the physical evidence at the site of the alleged

explosion. *See id.* For that reason, and based on the Magistrate Judge's thorough examination of the issues, the Court cannot conclude that clear error has been established.

### 1. Defendant's Arguments Regarding Greg Lampkin's Proposed Testimony

Echoing its last argument regarding Mr. Duncan, defendant also argues that Gregory Lampkin's proposed testimony—namely, his opinion that certain damage to the building in question was consistent with a low-order explosion—was also not validated [Doc. 100 at 12–21]. This argument is also based on Lampkin's failure to conduct tests regarding the pressure actually exerted by the alleged explosion [*Id.* at 14]. Like Duncan, however, Lampkin was not required to conduct such tests as a prerequisite for admissibility. *See Jacobs*, 816 F. Supp. 2d at 493. As outlined in the Magistrate Judge's memorandum and order, Lampkin has worked as a fire investigator for the Knox County Fire Investigation Unit ("KCFIU") for twenty-four years [Docs. 98 at 4; 65-1 at 9]. He is a certified Fire and Explosion Investigator and has encountered low-order explosions in his training [Doc. 98 at 4]. His experience responding to fires and conducting investigations into their origin and cause naturally qualify him to examine fire-related damage and offer an opinion about its cause. The Court is satisfied, based on the Magistrate Judge's extensive examination of the issue and the aforementioned discussion regarding Duncan, that Lampkin used this experience appropriately in this case. As such, the Magistrate's memorandum and order was not clearly erroneous or contrary to law.

## 2. Defendant's Arguments Regarding Charles Witt's Proposed Testimony

For the reasons set forth above regarding the admissibility of Duncan's testimony, the Court finds no basis to exclude Witt from testifying, in accordance with the Magistrate Judge's memorandum and order.

## III. Defendant's Motion to Reconsider Memorandum Opinion and Order Denying Motion for Summary Judgment

### A. Standard of Review

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and the "inherent power" that district courts possess, a court may reconsider interlocutory orders or reopen portions of a case before a final judgment is entered. *See Johnson v. Dollar Gen. Corp.*, No. 2:06-CV-173, 2007 WL 2746952, at *2 (E.D. Tenn. Sept. 20, 2007) (citing *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). This standard "vests significant discretion in district courts." *Rodriguez*, 89 F. App'x at 960 n.7. The Sixth Circuit has stated that a district court's authority allows a court to "afford such relief from [interlocutory orders] as justice requires." *Id.* at 959 (citations omitted). This traditionally includes when the court finds there has been an intervening change of controlling law, there is new evidence available, or there is a need to correct a clear error or prevent manifest injustice. *Id.*

However, "motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Ne. Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio

2009). Nor do such motions present an opportunity to raise new legal arguments that were available before the interlocutory order issued. *See Am. Meat Inst. v. Pridgeon*, 724 F.2d 45, 47 (6th Cir. 1984).

## B. Analysis

In its second motion to reconsider [Doc. 102; *see also* Doc. 103], defendant argues that, in resolving its motion for summary judgment, the Court should have considered arguments raised in its sur-surreply brief [Doc. 52] on the question of causation [*see* Doc. 27]. The Court has already explained its reasons for declining to consider those arguments in its memorandum opinion and order denying summary judgment [Doc. 101 at 5–6], and declines to exercise its discretion under Rule 54(b) to reconsider that issue now. However, the Court notes that had it considered those causation arguments, it likely would not have changed the outcome on summary judgment. In its memorandum opinion and order denying summary judgment [Doc. 101 at 4], the Court took note of Todd Duncan's proposed testimony that "damage and movement of the structures [in plaintiffs' building] are consistent with the pressure *caused* by an explosion within the structure" [Doc. 98 p.11] (emphasis added). Because, as explained above, this testimony is admissible, a reasonable fact-finder could find that an explosion caused damages for which defendant had an obligation to pay under its insurance policy. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, a genuine dispute of material fact exists as to causation, and summary judgment is inappropriate. *See* Fed. R. Civ. P. 56(a).

**IV.    Conclusion**

For the reasons discussed above, defendant's motions to reconsider [Docs. 99; 102]

are **DENIED.**

ENTER:


s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE